UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

WILLIAM KELLY,

        Plaintiff,

  -against-                               MEMORANDUM AND ORDER
                                                  05-CV-2127 (SJ)

NEW YORK STATE DEPARTMENT OF
CORRECTIONAL SERVICE; NEW YORK
STATE DIVISION/DEPARTMENT OF PAROLE;
NEW YORK CITY DISTRICT ATTORNEY
KINGS COUNTY,

        Defendants.
-------------------------------------------------------------x
JOHNSON, United States District Judge.

Plaintiff, appearing *pro se,* brings this action pursuant to 42 U.S.C. § 1983. Plaintiff has paid the filing fee to bring this action, but the Court dismisses the complaint as it is frivolous for the following reasons.[1] Fitzgerald v. First East Seventh Street Tenants Corp., 221 F.3d 362 (2d Cir. 2000).

## Background

Plaintiff's cause of action is essentially the same as that of a complaint he filed in 2003, that was dismissed by the Court pursuant to 28 U.S.C. § 1915A. See Kelly v. Goord et al., 03-CV-670 (SJ). Plaintiff's complaint states:

> On August 1, 1984, the Petitioner was allegedly sentenced to a term of 8 to 24 years of imprisonment for the offense of manslaughter first-degree. The plaintiff was given an alleged youthful offender (Y.O.) adjudication for the offense of manslaughter first-degree. But the plaintiff was never sentenced for the offense. The Plaintiff was incarcerated for 17 ½ years with no record of the sentence and then violated and was given 18 months with no record of the transcript ever being transcribed. The Plaintiff's plea transcript was and still is being substituted for his alleged sentencing transcript for the offense of manslaughter first-degree.

Complaint at 3. Plaintiff also states that he has not received a copy of his sentencing transcript

---

[1] The district court may *sua sponte* dismiss a frivolous complaint even if the plaintiff has paid the filing fee. Fitzgerald v. First East Seventh Street Tenants Corp., 221 F.3d 362 (2d Cir. 2000).

despite his numerous attempts, including his requests for documents under New York's Freedom of Information Law ("FOIL"). See Exhibit H, annexed to complaint. Plaintiff seeks monetary damages totaling 77 million dollars. Id. at 2.

## Discussion

Plaintiff asserts that because his sentencing transcripts from 1984 have been lost, he was never sentenced to a term of 8-24 years and therefore, he is being held unlawfully. However, even if plaintiff's sentencing transcripts have been lost, plaintiff cannot state a claim against these defendants under § 1983. Plaintiff's claim for money damages is barred by the Supreme Court's decision in Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the Supreme Court ruled that a § 1983 claim implicating the validity of the plaintiff's underlying conviction or confinement is barred unless the underlying conviction is invalidated. Before bringing an action for damages a plaintiff must first succeed in overturning his conviction or having it declared invalid, whether by an administrative board, state court, or in a federal habeas corpus proceeding. See id. at 486-87; Covington v. City of New York, 171 F.3d 117 (2d Cir. 1999).

Plaintiff also claims that defendants have failed to comply with his requests for documents pertaining to his sentencing transcript under New York's Freedom of Information Law ("FOIL"). See N.Y.Pub.Off. Law § 84 *et seq*. However, claims under FOIL do not give rise to a claim under 42 U.S.C. § 1983. The FOIL statute provides for appropriate remedies, namely, administrative appeals and Article 78 proceedings, in the event that FOIL requests are not complied with. Accordingly, plaintiff may pursue his FOIL claim in the state courts.

Plaintiff's instant action, in addition to being frivolous or malicious for the same reasons outlined in this Courts March 25, 2003 order, see 03-CV-670 (SJ), is also barred by the doctrine of *res judicata*. The doctrine of *res judicata* holds that when a judgment is rendered on the merits, it bars a second suit between the same parties or their privies based on the same cause of action or

claims. See Cieszkowska v. Gray Line New York, 295 F.3d 204, 205 (2d Cir. 2002) (*sua sponte* can be basis for *res judicata*); Waldman v. Village of Kiryas Joel, 207 F.3d 105, 108 (2d Cir. 2000). "A final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 398 (1981); accord St. Pierre v. Dyer, 208 F.3d 394, 399 (2d Cir. 2000).

To determine whether res judicata applies to preclude later litigation, a court must find that "(1) the previous action involved an adjudication on the merits; (2) the previous action involved the [parties] or those in privity with them; [and] (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." Pike v. Freeman, 266 F.3d 78, 91 (2d Cir. 2001); Bay Fireworks, Inc. v. Frenkel & Co., Inc., 359 F.Supp.2d 257, 261 (E.D.N.Y. 2005). Here, plaintiff's complaint is essentially duplicative of his prior complaint. Accordingly, this action is barred by the doctrine of *res judicata*.

## Conclusion

Accordingly, the action is dismissed. Although plaintiff paid the filing fee to bring this action, if he requests *in forma pauperis* for any appeal, the Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

_____
STERLING JOHNSON, JR.
United States District Judge

Dated: Brooklyn, New York
       May 31, 2005
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK